IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

MOVIE PROP RENTALS LLC, a Florida
limited liability company; and MIAMI
PROP RENTALS LLC, a Florida limited
liability company;

GENERAL CIVIL DIVISION

CASE NO.:

      Plaintiffs,

vs.

THE KINGDOM OF GOD GLOBAL
CHURCH a foreign Missouri not for
profit corporation and JOSHUA MEDIA
MINISTRIES INTERNATIONAL a foreign
Missouri not for profit corporation;

      Defendants.

_____/

## COMPLAINT

    Plaintiffs, MOVIE PROP RENTALS LLC a Florida limited liability company and to the extent its interest appears MIAMI PROP RENTALS LLC a Florida limited liability company; sue Defendants, THE KINGDOM OF GOD GLOBAL CHURCH a foreign Missouri not for profit corporation and JOSHUA MEDIA MINISTRIES INTERNATIONAL a foreign Missouri not for profit corporation; and states:

## Allegations As To All Counts

    1.    Plaintiffs MOVIE PROP RENTALS LLC and MIAMI PROP RENTALS LLC are valid existing affiliated Florida limited liability companies doing business in Miami-Dade County, Florida (collectively referred to as "MOVIE PROP"), and each such plaintiff is sui juris in all respects.

    2.    Defendants THE KINGDOM OF GOD GLOBAL CHURCH and JOSHUA MEDIA MINISTRIES INTERNATIONAL (collectively referred to as the "THE KINGDOM") are valid existing affiliated foreign Missouri not for profit corporations with one or both

defendants doing business as "Joshua Media Ministries", and/or "Joshua Media Ministries International Global", and/or "JMMI The Kingdom", and/or The Kingdom", and each such defendant is sui juris in all respects.

3.      At all times material to this lawsuit, THE KINGDOM was conducting business in Miami-Dade County, Florida more fully described herein, out of which business this action arises.

4.      The amount in controversy and amount sought in each Count of this Complaint exceeds $30,000.00, exclusive of interest, costs, and attorneys' fees.

5.      At all times material to this lawsuit, co-plaintiffs MOVIE PROP were and are affiliated movie and film production businesses renting and leasing or manufacturing and selling movie sets and stage props to others, for profit. Although it was MOVIE PROP RENTALS LLC which had most or all dealings with THE KINGDOM described herein, its affiliate MIAMI PROP RENTALS LLC is added as a co-plaintiff to the extent that its interest appears.

6.      At all times material to this lawsuit, THE KINGDOM purported to be global outreach movements and/or churches ostensibly committed to establishing God's kingdom through the proclamation and demonstration of the gospel, and although Missouri corporations based in Michigan, the supposed ministry of THE KINGDOM is and has been transmitted worldwide through media channels including transmitted into Florida. As part of that, THE KINGDOM has solicited and received financial donations and renumeration from individuals and organizations in various countries and states in the World, including from Florida.

7.      Purporting to be an evangelist, David E. Taylor is the head pastor of and he personally oversees and directs all business and other operations of THE KINGDOM, including all matters referenced herein.

8.      In about February 2020, defendant THE KINGDOM contacted plaintiff MOVIE PROP in Florida to inquire about the possibility of MOVIE PROP designing, manufacturing, and selling a substantial stage prop configuration for, to, and for the benefit of THE KINGDOM.

9.      As a result of initial conceptual design and requirements provided by potential customer THE KINGDOM in February and early March 2020 for a highly specialized stage prop roughly 100 feet wide, 25 feet high, and 28 feet deep, MOVIE PROP created a budget estimating total price for manufacture of such stage prop at $679,345.

10.     However, by about March 20, 2020, THE KINGDOM had increased the size of the stage prop it desired to purchase such that the new conceptual design and requirements called for a stage prop roughly 136 feet wide, 49 feet high, and 38 feet deep, for which MOVIE PROP created a new budget estimating the new total price for manufacture of such stage prop at $1,252,960.

11.     In late March 2020, defendant THE KINGDOM approved the new conceptual design, requirements, and budget, paid MOVIE PROP an initial $150,000 deposit on or about March 31, 2020, and in April, 2020 MOVIE PROP commenced purchasing required supplies and materials and began staffing up with labor, and soon thereafter it commenced production work and construction to manufacture and create the approved highly specialized stage prop.

12.     On or about April 22, 2020, defendant THE KINGDOM paid an additional $100,020 to MOVIE PROP towards the existing agreed price of $1,252,960. At about that time, plaintiff MOVIE PROP requested and THE KINGDOM agreed that THE KINGDOM would pay progress payments to MOVIE PROP of $70,000 per month towards the existing agreed budget of $1,252,960 to finance and fund construction of the stage prop. These monthly progress payments were necessary, to enable MOVIE PROP to timely purchase materials and procure labor, to stay on budget, and to stay on track with the manufacturing time schedule. However, despite

promising $70,000 payments each month, THE KINGDOM only remitted the following sporadic amounts on the dates indicated, and therefore THE KINGDOM fell significantly behind in making the agreed remittances:

| | |
|---|---|
| May 6, 2020 | $60,000 |
| July 10, 2020 | $31,000 |
| July 24, 2020 | $31,020 |
| July 31, 2020 | $31,030 |
| August 17, 2020 | $35,020 |
| September 1, 2020 | $35,000 |
| September 17, 2020 | $35,000 |
| October 6, 2020 | $35,020 |
| November 12, 2020 | $35,020 |
| January 11, 2021 | $35,030 |
| February 3, 2021 | $35,030 |
| March 4, 2021 | $35,030 |
| March 19, 2021 | $35,030 |
| April 8, 2021 | $30,030 |
| May 11, 2021 | $35,000 |

13.     As indicated above, THE KINGDOM failed to make the full agreed $70,000 per month payments which were extremely critical to the flow of the construction, and between the payments May 6, 2020 and July 10, 2020, October 6, 2020 and November 12, 2020, and November 12, 2020 and January 11, 2021, THE KINGDOM failed to make any progress payments, which resulted in shortages of supplies and loss of labor and, as a result, MOVIE PROP was required to temporarily stop work upon the stage prop.  Construction resumed after the payments received in and after July 2020.

14.     Notwithstanding the parties' agreed conceptual design and requirements resulting in the budget price of $1,252,960, in and after April 2020 THE KINGDOM requested several more change orders and additions to the previously agreed and approved stage prop, which change orders and additions MOVIE PROP agreed to provide but with additional charges.

15.     In addition, in April and May 2021, during the construction process, THE KINGDOM requested even more change orders and additions to the stage prop which MOVIE PROP agreed to provide but with even more additional charges.

16.     During the entire construction process, THE KINGDOM failed to communicate properly with MOVIE PROP, and THE KINGDOM failed to respond or timely respond to proposals and questions made by MOVIE PROP concerning details of the construction project, although THE KINGDOM's timely and full responses and answers were very much needed for the timely and orderly completion of the construction project by MOVIE PROP.

17.     THE KINGDOM's requested change orders and additions, THE KINGDOM's failure to timely remit agreed progress payments, and THE KINGDOM's failure to properly and timely communicate with MOVIE PROP was extremely disruptive to the construction process, caused construction delays, increased the cost of the construction project, and inhibited MOVIE PROP's ability to efficiently complete the stage prop project, including on budget. By about May 2021, THE KINGDOM become concerned about the total price, and MOVIE PROP was able to incorporate some savings into the overall project so, by May 27, 2021, MOVIE PROP provided a new final budget price which included all requested change orders, additions, and price savings up to that date, in the amount of $2,244,366, to which THE KINGDOM agreed.

18.     Together with providing the new budget price of $2,244,366, MOVIE PROP advised THE KINGDOM that THE KINGDOM was approximately $240,000 behind in progress payments of $70,000 each month and that work upon the stage prop could not continue unless such agreed monthly progress payments were caught up, and timely remitted in the future.

19.     At all times after May 11, 2021, THE KINGDOM failed to make any further remittances upon the new budget amount of $2,244,366 and, as a result, after May 2021 MOVIE PROP ceased construction of the stage prop due to no funding being received from THE

KINGDOM upon this new budget and price amount. Consequently, in June 2021 the partially finished stage prop was placed into storage at MOVIE PROP's location and due to huge volume and extensive storage requirements for the partially completed stage prop THE KINGDOM owes MOVIE PROP storage charges of $4,000 per month from June 2021 to the date in the future when the stage prop is no longer in storage provided by MOVIE PROP.

20.     During 2021 to the present time, the costs of materials, supplies, and labor to MOVIE PROP required to complete the periodically changing stage prop increased exponentially due to unexpected force majeure, being the Covid 19 pandemic and the resulting supply chain shortages and hyper-inflationary costs of required materials, supplies, and labor. That, coupled with the numerous disruptive change orders and additions to the stage prop requested by THE KINGDOM during construction between April 2020 and April 2021, and THE KINGDOM's failure to timely remit progress payments resulting in substantial delays in the construction process, it rendered it impossible and unfair to MOVIE PROP to complete the approved stage prop for the final budget amount of $2,244,366. The stage prop construction would have been on budget and finished timely before the onset of problems caused by the Covid 19 pandemic if THE KINGDOM had remitted monthly payments timely.

21.     At the initial commencement of planning and construction of the stage prop in April 2020, it was originally contemplated that the stage prop would be completed in approximately 4 months if there were no customer requested change orders and additions, and if the customer THE KINGDOM had timely paid for the project.

22.     However, THE KINGDOM's conduct resulted in substantial delays in the construction project and the periodic starting and stopping of the construction project, which significantly added to the cost of completion of the project because consequently MOVIE PROP was unable to timely and efficiently purchase required materials and supplies, and efficiently

arrange for needed labor, to complete the project as originally contemplated. With each change order and addition made by THE KINGDOM over time and its failure to make agreed progress payments, the anticipated date for completion of the stage prop moved later in time. Matters grew even worse with unexpected supply chain shortages and hyper-inflationary costs due to Covid 19 in late 2020 and in 2021.  All of this is due to no fault of MOVIE PROP.

23.     THE KINGDOM owes MOVIE PROP $240,000.00 for materials, supplies and labor for the partial construction of the stage prop requested by THE KINGDOM to its current condition, plus storage charges of $4,000 for each month in after June 2021 until such time as the stage prop is no longer being stored by MOVIE PROP.  The partially constructed stage prop is a highly specialized product designed specific to the designs and needs of THE KINGDOM, which is not readily sellable or salable to others.

24.     MOVIE PROP owns the partially completed stage prop but to the extent that it is ever determined that title to the stage prop transferred to THE KINGDOM, which is disputed by MOVIE PROP, plaintiffs MOVIE PROP possess(es) a first priority lien upon the entirety of the stage prop in its possession securing payment of all amounts owed by THE KINGDOM to MOVIE PROP.

25.     At all times material MOVIE PROP fully and timely performed all acts to the expectation and satisfaction of THE KINGDOM until such time as THE KINGDOM failed to make required payments and otherwise committed adverse actions or conditions described herein disruptive to the construction process and, therefore, all conditions precedent to the bringing of this action by MOVIE PROP have been performed, excused, or waived.

## COUNT I
(Account Stated)

26.     Plaintiffs reallege and reaver all of the allegations contained within paragraphs 1 – 25 above as if more fully set forth herein.

27.     Pleading in the alternative and in addition to other Counts, this is an action by MOVIE PROP plaintiffs against THE KINGDOM defendants for damages under an Account Stated.

28.     Under facts, events, and conduct of the parties, including the parties' former dealings and price-fixing for the original stage prop and subsequent change orders resulting in the final agreed budget price for the completed stage prop, there existed an agreement that a certain balance was correct and due to be paid to MOVIE PROP by THE KINGDOM, and there was an express or implicit promise by THE KINGDOM to pay that balance to MOVIE PROP, to wit, the final agreed budget amount of $2,244,366 for the completed stage prop, and $240,000 for the current partially completed stage prop.

29.     As a direct and proximate result of the facts including but not limited to the acts and conduct of THE KINGDOM described herein, including its failure to timely pay amounts owed and other adverse conduct, MOVIE PROP has been damaged.

30.     Under facts presented, THE KINGDOM owes MOVIE PROP $240,000 for materials, supplies and labor provided by MOVIE PROP for the partial construction of the stage prop requested by THE KINGDOM to its current condition, plus storage charges of $4,000 for each month in after June 2021 until such time as the stage prop is no longer being stored by MOVIE PROP, plus all of MOVIE PROP's lost profits related to the stage prop construction to date and additional lost profits if it had been completed, together with lost profits from other business opportunities lost as a result of THE KINGDOM's conduct and the huge volume and extensive size of the stage prop stored in MOVIE PROP's premises.

WHEREFORE, MOVIE PROP demands judgment for damages under an Account Stated against THE KINGDOM in the amount of $240,000, plus storage charges of $4,000 per month

commencing in and at all times after June 2021, together with all lost profits, pre-judgment interest, and court costs, and for such further relief as is just the premises.

## COUNT II
(Open Account)

31.     Plaintiffs reallege and reaver all of the allegations contained within paragraphs 1 – 25 above as if more fully set forth herein.

32.     Pleading in the alternative and in addition to other Counts, this is an action by MOVIE PROP plaintiffs against THE KINGDOM defendants for damages under an Open Account.

33.     Under facts, events, and conduct of the parties, THE KINGDOM had and has an Open Account with MOVIE PROP due to THE KINGDOM's changing requests made upon MOVIE PROP for it to manufacture and construct the subject stage prop, and THE KINGDOM acknowledged its obligation to pay MOVIE PROP for all related items of work, labor, and materials performed and provided by MOVIE PROP as originally planned, and subsequently with all change orders, plus profit, including to get the partially completed stage prop in its current condition. As part of that, THE KINGDOM was to pay $70,000 per month, but failed to do so.

34.     As a direct and proximate result of the acts and conduct of THE KINGDOM described herein, including its failure to pay amounts owed and other adverse conduct, MOVIE PROP has been damaged.

35.     Under facts and circumstances presented, THE KINGDOM owes MOVIE PROP $240,000 for materials, supplies and labor provided by MOVIE PROP for the construction of the stage prop requested by THE KINGDOM to its current condition, plus storage charges of $4,000 for each month in after June 2021 until such time as the stage prop is no longer being stored by MOVIE PROP, plus all of MOVIE PROP's lost profits related to the stage prop construction to

date and additional lost profits if it had been completed, together with lost profits from other business opportunities lost as a result of THE KINGDOM's conduct and the extensive volume and size of the stage prop stored in MOVIE PROP's premises.

WHEREFORE, MOVIE PROP demands judgment for damages under an Open Account against THE KINGDOM in the amount of $240,000, plus storage charges of $4,000 per month commencing in and at all times after June 2021, together with all lost profits, pre-judgment interest, and court costs, and for such further relief as is just the premises.

## COUNT III
(Unjust Enrichment)

36.     Plaintiffs reallege and reaver all of the allegations contained within paragraphs 1 – 25 above as if more fully set forth herein.

37.     Pleading in the alternative and in addition to other Counts, this is an action by MOVIE PROP plaintiffs against THE KINGDOM defendants for damages due to an Unjust Enrichment.

38.     Under facts, events, and conduct of the parties, benefits were conferred by MOVIE PROP upon THE KINGDOM including but not limited to by MOVIE PROP's partial construction of the stage prop requested and designed by THE KINGDOM, which had knowledge of all benefits conferred.

39.     THE KINGDOM requested, appreciated, and acknowledged the benefits conferred upon it by MOVIE PROP including but not limited to the partial construction of the stage prop requested and designed by THE KINGDOM.

40.     THE KINGDOM knowingly accepted and retained the benefits conferred upon it including but not limited to the partial construction of the stage prop requested and designed by it, and it would be inequitable for THE KINGDOM to retain such benefits without paying MOVIE PROP the value thereof.

41.     As a direct and proximate result of the acts and conduct of THE KINGDOM described herein, MOVIE PROP has been damaged.

42.     Under facts presented, as the value of the benefits bestowed for which payment has not been made, THE KINGDOM owes MOVIE PROP $240,000 for materials, supplies and labor provided by MOVIE PROP for the partial construction of the stage prop requested by THE KINGDOM to its current condition, plus storage charges of $4,000 for each month in after June 2021 until such time as the stage prop is no longer being stored by MOVIE PROP, plus all of MOVIE PROP's lost profits related to the stage prop construction to date and additional lost profits if it had been completed, together with lost profits from other business opportunities lost as a result of THE KINGDOM's conduct and the extensive volume and size of the stage prop stored in MOVIE PROP's premises.

WHEREFORE, MOVIE PROP demands judgment for damages for Unjust Enrichment against THE KINGDOM in the amount of $240,000, plus storage charges of $4,000 per month commencing in and at all times after June 2021, together with all lost profits, pre-judgment interest, and court costs, and for such further relief as is just the premises.

**COUNT IV**
(Contract Implied in Fact)

43.     Plaintiffs reallege and reaver all of the allegations contained within paragraphs 1 – 25 above as if more fully set forth herein.

44.     Pleading in the alternative and in addition to other Counts, this is an action by MOVIE PROP plaintiffs against THE KINGDOM defendants for damages due under a Contract Implied in Fact (Quantum Meruit**).**

45.     Under facts, events, and conduct of the parties, there exists a Contract Implied in Fact based upon the tacit promise of THE KINGDOM to pay MOVIE PROP money for the construction of the stage prop by MOVIE PROP, requested and designed by THE KINGDOM,

and due to THE KINGDOM's assent to the manufacturing and construction of the stage prop performed by MOVIE PROP at the request of THE KINGDOM including as originally designed, and with THE KINGDOM's subsequent change orders.

46.     Among other things THE KINGDOM failed to pay MOVIE PROP amounts owed and that, with its other adverse conduct, constitutes a beach of the parties' Contract Implied in Fact.

47.     As a direct and proximate result of the acts and conduct of THE KINGDOM described herein including its breach of the parties' Contract Implied in Fact, MOVIE PROP has been damaged.

48.     Under facts presented, THE KINGDOM owes MOVIE PROP $240,000 for materials, supplies and labor provided by MOVIE PROP for the partial construction of the stage prop requested by THE KINGDOM to its current condition, plus storage charges of $4,000 for each month in after June 2021 until such time as the stage prop is no longer being stored by MOVIE PROP, plus all of MOVIE PROP's lost profits related to the stage prop construction to date and additional lost profits if it had been completed, together with lost profits from other business opportunities lost as a result of THE KINGDOM's conduct and the extensive volume and size of the stage prop stored in MOVIE PROP's premises.

WHEREFORE, MOVIE PROP demands judgment for damages against THE KINGDOM for its breach of the parties' Contract Implied in Fact in the amount of $240,000, plus storage charges of $4,000 per month commencing in and at all times after June 2021, together with all lost profits, pre-judgment interest, and court costs, and for such further relief as is just the premises.

## COUNT V
(Contract Implied in Law)

49.     Plaintiffs reallege and reaver all of the allegations contained within paragraphs 1 – 25 above as if more fully set forth herein.

50.     Pleading in the alternative and in addition to other Counts, this is an action by MOVIE PROP plaintiffs against THE KINGDOM defendants for damages under a Contract Implied in Law (Quasi Contract).

51.     Under facts, events, and conduct of the parties, there exists a Contract Implied in Law based upon the implied obligation of THE KINGDOM to pay MOVIE PROP money for the construction of the stage prop by MOVIE PROP, requested and designed by THE KINGDOM, and THE KINGDOM's acquiescence to MOVIE PROP's manufacture and construction of the stage prop at the request of THE KINGDOM including as originally designed, and with THE KINGDOM's subsequent change orders.

52.     Among other things THE KINGDOM failed to pay MOVIE PROP amounts owed and that, with its other adverse conduct, constitutes a beach of the Contract Implied in Law.

53.     As a direct and proximate result of the acts and conduct of THE KINGDOM described herein including its breach of the parties' Contract Implied in Law, MOVIE PROP has been damaged.

54.     Under facts and circumstances presented, THE KINGDOM owes MOVIE PROP $240,000 for materials, supplies and labor provided by MOVIE PROP for the partial construction of the stage prop requested by THE KINGDOM to its current condition, plus storage charges of $4,000 for each month in after June 2021 until such time as the stage prop is no longer being stored by MOVIE PROP, plus all of MOVIE PROP's lost profits related to the stage prop construction to date and additional lost profits if it had been completed, together with lost profits from other business opportunities lost as a result of THE KINGDOM's conduct and the extensive volume and size of the stage prop stored in MOVIE PROP's premises.

WHEREFORE, MOVIE PROP demands judgment for damages against THE KINGDOM for its breach of the parties' Contract Implied in Law in the amount of $240,000, plus storage charges of $4,000 per month commencing in and at all times after June 2021, together with all lost profits, pre-judgment interest, and court costs, and for such further relief as is just the premises.

## COUNT VI
### (Declaratory Judgment)

55.    Plaintiffs reallege and reaver all of the allegations contained within paragraphs 1 – 25 above as if more fully set forth herein and, pleading in the alternative Plaintiffs reallege and reaver all of the allegations contained within paragraphs 26 – 54 above as if more fully set forth herein.

56.    In the alternative and in addition to other Counts, this is an action by MOVIE PROP plaintiffs for a Declaratory Judgment against THE KINGDOM defendants for certain findings of fact regarding a genuine legal dispute between the parties, and for an award of damages due to the facts and circumstances presented.

57.    MOVIE PROP plaintiffs believe THE KINGDOM defendants dispute or may dispute some or all the above contentions of plaintiffs, including defendants may dispute their obligation to pay plaintiffs money.

58.    The claims and disputes of plaintiffs and the defendants as afore-described have or may create uncertainty between plaintiffs as against the defendants, as to each of their respective rights, obligations and interests concerning the parties' dealings described herein. As such, plaintiffs and the defendants are in dispute and are in doubt as to the effect of, and their rights and obligations under, the parties' dealings described herein.

59.    If a Declaratory Judgment as sought by plaintiffs as to the existence of its right to collect $240,000, and storage charges of $4,000 per month, plus lost profits from defendants at

this time is not granted, the rights of the parties will be affected seriously, and losses and damages will be sustained by one party or the other, and the parties will remain uncertain as to their rights, obligations, duties, and interests to or from each other, as to such matters under the parties' dealings described herein which are the subject matter of this lawsuit.

60.   Due to the dispute between plaintiffs and defendants, there is a bona fide, actual, present practical need for this Court's declaration; the declaration deals with a present, ascertained or ascertainable state of facts and present controversy as to a state of facts; an immunity, power, privilege and right of plaintiffs is dependent upon the facts and law applicable to the facts presented; the parties have or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; all the antagonistic parties are before the Court; and the relief sought is not merely the giving of legal advice by the Courts or the answer to questions propounded from curiosity.

61.   Plaintiffs do not have an adequate remedy at law.

WHEREFORE, in accordance with the foregoing, MOVIE PROP plaintiffs request this Court enter a Declaratory Judgment to decide and declare the facts, rights, obligations, interests and duties of the parties, plaintiffs as against the defendants, and make findings of fact and awards in favor of plaintiffs and against defendants, jointly and severally, including to find, declare, and adjudicate:

a.   that THE KINGDOM engaged MOVIE PROP to manufacture and construct the subject stage prop to its current condition with the expectation that THE KINGDOM would pay MOVIE PROP for all the labor, supplies, and materials provided by MOVIE PROP to date, plus all lost profits including to date and profits which would have been earned if the stage prop had been completed, together with all storage charges; and

b.      that after change orders the parties expressly or impliedly agreed the budget and price of the stage prop to be paid by THE KINGDOM to MOVIE PROP would be $2,244,366; and

c.      that THE KINGDOM agreed to pay MOVIE PROP $70,000 per month after making initial deposit(s) to fund manufacture and construction of the stage prop by MOVIE PROP, but unilaterally improperly reduced payments and thereafter improperly stopped making payments altogether after the payment received by MOVIE PROP on or about May 11, 2021; and

d.      that THE KINGDOM also failed to abide by or perform acts, omissions, and conduct it was obligated to under the parties' express, implied, or other agreements and understandings; and

e.      that THE KINGDOM's failure to make agreed payments and abide by or perform acts, omissions, and conduct it was obligated to under the parties' express, implied, or other agreements and understandings fully relieved MOVIE PROP from all further obligations including but not limited to full completion of the construction of the subject stage prop; and

f.      that there was/is a valid Account Stated and/or Open Account and make a judicial determination of the current balance owed by THE KINGDOM to MOVIE PROP thereunder which it has failed to pay; and/or

g.      that THE KINGDOM has been Unjustly Enriched and make a judicial determination of the amount of the benefit bestowed and current balance owed by THE KINGDOM to MOVIE PROP with a judgment to pay it; and/or

h.      that there was/is a Contract Implied In Fact and/or Contract Implied In Law, THE KINGDOM breached and violated the express and/or implied terms

thereof, and make a determination and an adjudication of the current balance owed by THE KINGDOM to MOVIE PROP with a judgment to pay it; and

i.       that the Court judicially determined and adjudicate that THE KINGDOM owes MOVIE PROP $240,000 at this time for all materials, supplies and labor provided by MOVIE PROP for the partial construction of the stage prop to its current condition, plus storage charges of $4,000 per month commencing in and at all times after June 2021 until such time as the partially completed stage prop is no longer being stored at the premises of MOVIE PROP, together with all of MOVIE PROP's lost profits related to the stage prop construction to date and if it had been completed plus lost profits from other business opportunities lost as a result of THE KINGDOM's conduct and the extensive volume and size of the stage prop stored in MOVIE PROP's premises; and

j.       that the Court judicially adjudicate that THE KINGDOM also owes MOVIE PROP pre-judgment interest, and court costs of this action; and

k.       make such further findings, relief, and adjudications in favor of MOVIE PROP and against THE KINGDOM as is just the premises; and

l.       that execution issue thereon.

Dated and filed this 10th day of June, 2022.

WILLIAM M. TUTTLE, II, P.A.
Attorney for plaintiffs Movie and Miami Prop
700 South Dixie Highway, Suite #200
Coral Gables, Florida 33146
Telephone: (305) 375-8181
Facsimile: (305) 375-8186
Primary E-mail: wmtuttle@bellsouth.net
Secondary E-mail: stuttle@bellsouth.net

By:___/s/ William M. Tuttle, II_____
WILLIAM M. TUTTLE, II
Fla. Bar No.: 377627