UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22594-BLOOM/Otazo-Reyes

MOVIE PROP RENTALS LLC, *et al.*,

    Plaintiffs,

v.

THE KINGDOM OF GOD GLOBAL
CHURCH, *et al.*,

    Defendants.
_____/

**ORDER ON MOTION FOR LEAVE TO DISMISS COUNTERCLAIMS**

**THIS CAUSE** is before the Court upon Defendants Kingdom of God Global Church and Joshua Media Ministries International's Motion for Leave to Voluntarily Dismiss Counterclaims III and IV, ECF No. [84] ("Motion"), filed on July 12, 2023. Plaintiffs Movie Prop Rentals LLC and Miami Prop Rentals LLC filed a Response in opposition. ECF No. [92]. The Court has carefully considered the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.      BACKGROUND**

This case stems from a contract dispute between Plaintiffs, movie production businesses, and Defendants, not-for-profit religious organizations. *See generally* Amended Complaint, ECF No. [12]. Plaintiffs allege that Defendants failed to uphold their end of a contract related to the design and construction of a stage prop. *Id*.

On September 23, 2022, Defendants filed their Counterclaims, asserting: (I) Breach of Oral Contract, (II) Unjust Enrichment, (III) Breach of the Implied Duty of Good Faith and Fair Dealing, and (IV) Violation of the Florida Deceptive and Unfair Trade Practices Act. ECF No. [14].

Defendants further alleged that they have suffered "economic and reputational damages as a result of Counter-Defendants' actions[.]" *Id*. ¶ 26.

In their Motion, Defendants seek the Court's leave, pursuant to Federal Rule of Civil Procedure 41(a)(2), to dismiss Counts III and IV or their Counterclaims and all claims for reputation and non-economic damages. ECF No. [84]. They explain that they wish to narrow the scope of this case and avoid "unnecessary fees and costs for a simple breach of contract case[.]" ECF No. [84] ¶ 6.

Plaintiffs respond that dismissal of Counts III and IV will cause them "clear legal prejudice" because they have "exerted significant time and effort related to the claims sought to be dismissed." ECF No. [92] ¶ 11. Plaintiffs additionally argue that Rule 41(a)(2) permits dismissal only of the entire "action," as opposed to individual claims.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) authorizes the Court to dismiss "an action . . . on terms that the court considers proper." "[A] Rule 41(a)(2) dismissal can only be for an entire action, and not an individual claim." *Rosell v. VMSB, LLC*, 67 F.4th 1141, at 1144 (11th Cir. 2023). Therefore, "[a]ny attempt to use this rule to dismiss a single claim, or anything less than the entire action, will be invalid[.]" *Id.* at 1143.

## III.     DISCUSSION

Defendants seek to dismiss two Counts of their Counterclaims pursuant to Rule 41(a)(2). ECF No. [84]. Plaintiffs correctly respond that Rule 41(a)(2) does not permit the Court to dismiss anything less than the entire "action." *See* ECF No. [92] at 7 (citing *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018). *Perry* addressed voluntary dismissals pursuant to Rule 41(a)(1), holding that "a voluntary dismissal may be used to dismiss only an 'action' in its

entirety." *Id.* at 958. Recently, the Eleventh Circuit clarified that dismissals pursuant to Rule 41(a)(2) are subject to the same constraint. *Rosell*, 56 F.4th at 1144 (reasoning that "the word 'action' is used identically in both Rules 41(a)(1) and 41(a)(2)."). Therefore "a rule 41(a)(2) dismissal can only be for an entire action, and not an individual claim." *Id.* Accordingly, Rule 41(a)(2) does not authorize the Court to grant the relief that Defendants seek.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [84]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 18, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record