UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MOVIE PROP RENTALS, LLC, a Florida limited liability company; and MIAMI PROP RENTALS, LLC, a Florida limited liability company,

  Plaintiffs,

vs.

THE KINGDOM OF GOD GLOBAL CHURCH a foreign Missouri not for profit corporation and JOSHUA MEDIA MINISTRIES INTERNATIONAL a foreign Missouri not for profit corporation;

  Defendants.
_____/

CASE NO: 22-cv-22594-BLOOM/Otazo-Reyes

LOWER CASE NO.: 2022-010734-CA-01

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN EVIDENCE FROM THE INTRODUCTION AT TRIAL CONCERNING THE REPUTATION OF THE DEFENDANTS AND THEIR PASTOR**

  Defendants, THE KINGDOM OF GOD GLOBAL CHURCH ("Kingdom Church") and JOSHUA MEDIA MINISTRIES INTERNATIONAL ("Joshua Media") (Kingdom Church and Joshua Media may hereinafter be collectively referred to as "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Evidence 104(a), 401, 402, 403, 404, and 608, respectfully files their Motion *in Limine* and Memorandum of Law to exclude irrelevant, non-probative, and/or prejudicial evidence of the personal affairs or reputation of David E. Taylor or the Defendants in this matter, and for other and further relief as the Court deems just and proper. In support, Defendants submit their Memorandum of Law, which is incorporated below.

## BACKGROUND

The subject of this lawsuit is the alleged breach of a contract between the parties for the buildout of a stage prop design to be used by the Defendants for a large-scale church ministry outreach event to be held in an arena in Orlando, Florida in June of 2020.

Defendants anticipate that Plaintiffs will attempt to offer evidence in the form of testimony from Richard Holmes regarding the personal affairs of David E. Taylor, including allegations of extramarital affairs, facts concerning the Church's or David E. Taylor's reputation or alleged ownership of luxury vehicles, namely an alleged Bentley and a Rolls Royce, details about David E. Taylor's alleged residence in a mansion, and allegations that David E. Taylor is running a cult. Defendants contend that this evidence as wholly irrelevant to the underlying claims at issue, and the introduction of any such evidence at trial would unfairly prejudice them, confuse the issues, or mislead the jury and that prejudice could not properly be cured through a cautionary jury instruction. *See, e.g., United States v. 215.7 Acres of Land*, 719 F. Supp. 273, 275 (D. Del. 1989); *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987).

## ARGUMENT AND CITATION OF AUTHORITY

The "purpose of a motion in limine is to give the trial judge notice of the movant's position soas to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial." *Fagundez v. Louisville Ladder, Inc.*, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012). "A court has the power to exclude evidence in limine only when the evidence is clearly inadmissible on all potential grounds." *Id*.

The Federal Rules of Evidence define "relevant evidence" as:

> [e]vidence having any tendency to make the existence of any fact that is of

> consequence to the determination of the action more probable or less probablethan it would be without the evidence.

Fed. R. Evid. 401.

Evidence which is not relevant to any issue or claim in an action lacks probative value and, thus, is inadmissible. Specifically, Rule 402 provides that:

> [a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules adopted by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

When testimony fails to establish a material fact of the party's allegation or claim, the testimony is irrelevant and inadmissible. *Id*. Yet, any evidence that is relevant, including testimony, may stillbe excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time,or needlessly presenting cumulative evidence." Fed. R. Evid. 403. An order *in limine* is appropriatewhen, as here, the introduction of evidence at trial would unfairly prejudice a party and that prejudice could not properly be cured through a cautionary jury instruction. *See, e.g., United States v. 215.7 Acres of Land*, 719 F. Supp. 273, 275 (D. Del. 1989); *Banque Hypothecaire Du Canton De Geneve v. Union Mines, Inc.*, 652 F. Supp. 1400, 1401 (D. Md. 1987). Because a limiting instruction could not possibly cure the inflammatory nature of the subject evidence, this Court should enter an Order in Limine excluding its admission.

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. *Powers v. Target Corporation*, 19-CV-60922, 2020 WL1986968, at *2 (S.D. Fla. April 27, 2020). "The standard of probability under the rule is 'more probable than it would be without the evidence.'" *Id*.; *see also United States v. Patrick*, 513 F.

App'x 882, 886 (11th Cir. 2013).

This case involves an alleged breach of a contract between the parties for the buildout of a stage prop design. Defendants anticipate that Plaintiffs will attempt to offer evidence in the form of testimony from Richard Holmes regarding the personal affairs of David E. Taylor, including allegations of extramarital affairs, facts concerning the Church's reputation or David E. Taylor's ownership of luxury vehicles, namely a Bentley and a Rolls Royce, details about the David E. Taylor's residence in a mansion, and claims that David E. Taylor is running a cult. The Defendants assert that none of the aforementioned evidence holds any relevance or materiality to the central issue in dispute, which fundamentally revolves around the compliance with obligations stemming from the agreement between the involved parties. Furthermore, it is imperative to note that Richard Holmes, the anticipated witness, had no involvement whatsoever with the agreement that is the subject of this lawsuit. Given this disconnect between the proposed evidence and the core matter at hand, the Defendants urge the court to prohibit the admission of such testimony, emphasizing its lack of pertinence to the substantive issues in this case.

The Federal Rules of Evidence support the exclusion of the aforementioned evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. In the absence of any relevance to the matters at hand, introducing evidence related to the allegations surrounding David E. Taylor's extramarital affairs, facts concerning David E. Taylor's ownership of luxury vehicles and homes, and claims that David E. Taylor is running a cult poses a significant risk of unfairly prejudicing the proceedings and distracting the jury from the substantive contractual issues. Referencing the aforementioned evidence in this context, where such information bears no relation to the claims of breach of contract and unjust enrichment, would

unnecessarily complicate and elongate the trial.

Given the Court's recent ruling in its Order on Plaintiffs' Motion for Summary Judgment [DE 136] , the only viable counterclaim remaining against the Plaintiffs is Defendants/Counter-Plaintiffs' Breach of Contract claim which involves fact solely related to economic damages and whether or not the parties' breached their contractual terms.  All other claims concerning non-economic and reputational damages were dismissed by the Court.  Therefore, pursuant to Rule 26, Federal Rules of Civil Procedure and Fed. R. Evid. 40, any testimony or other evidence concerning the reputation of Pastor Taylor or the Church entities is highly irrelevant to the claims being tried and greatly prejudicial and should be deemed as inadmissible by the Court.

Defendants contend that the introduction of any of this evidence at trial would unfairly prejudice them, as would confuse the issues, or mislead the jury, and that prejudice could not properly be cured through a cautionary jury instruction. Furthermore, Defendants' request aligns with the fundamental purpose of a motion *in limine*, which is to prevent the introduction of improper evidence that may unduly influence the jury or unfairly prejudice the case.

Accordingly, this Court should preclude Plaintiff and their counsel from introducing evidence, argument, or suggestion in the form of testimony from Richard Holmes regarding the personal affairs of David E. Taylor, including allegations of extramarital affairs, facts concerning David E. Taylor's ownership of luxury vehicles, namely a Bentley and a Rolls Royce, details about the David E. Taylor's residence in a mansion, and claims that David E. Taylor is running a cult, and for other and further relief as the Court deems just and proper.

WHEREFORE, Defendant respectfully request that the Court enter an order granting this motion, precluding all evidence or other testimony at trial concerning Richard Holmes' statement or opinions or other evidence related to the Defendants' reputation, and grant such other relief as

the Court deems just and proper.

Date: December 4, 2023    Respectfully submitted,

    s/ *Michelle D. Cofino*
Reginald J. Clyne, Esq.
Florida Bar No.: 654302
Michelle D. Cofino, Esq.
Florida Bar No.: 27684
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
Counsel for Defendants/Counter-Plaintiffs
9300 South Dadeland Boulevard-4th Floor.
Miami, Florida 33156
Telephone:    (305) 670-1101
Facsimile:    (305) 670-1161
Email: Reginald.Clyne@qpwblaw.com
Michelle.Cofino@qpwblaw.com
Cecilia.quevedo@qpwblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the service list below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Michelle D. Cofino*
    Michelle D. Cofiño, Esq.