# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
## Case No.: 1:22-cv-22594-B Bloom

MOVIE PROP RENTALS LLC, a Florida
limited liability company; and MIAMI
PROP RENTALS LLC, a Florida limited
liability company;

    Plaintiffs,

vs.

THE KINGDOM OF GOD GLOBAL
CHURCH a foreign Missouri not for
Profit corporation and JOSHUA MEDIA
MINISTRIES INTERNATIONAL a foreign
Missouri not for profit corporation;

    Defendants.
_____/

## JOINT PRETRIAL STIPULATION IN ACCORDANCE WITH LOCAL RULE 16.1(e).

Pursuant to the Scheduling Order for Pretrial Conference and Trial in the above-captioned action, dated October 18, 2023, the parties submit the following joint pretrial stipulation in accordance with Local Rule 16.1(e):

### I.  JOINT STATEMENT OF THE CASE

This subject of this lawsuit is the alleged breach of an agreement between the parties for the plaintiffs' buildout of a stage prop design to be purchased and used by the Defendants for a large-scale church ministry outreach event to be held in an arena in Orlando, Florida in mid-July of 2020, for an agreed price of approximately $1,250,000.

Plaintiffs sued the Defendants for breach of contract, account stated, open account, unjust enrichment, contract implied in fact, contract implied in law, and for a declaratory judgment, on June 10, 2022, alleging Defendants' failure to make full payment of the agreed price.

The Defendants thereafter removed such lawsuit to federal court and asserted their own counterclaims for Breach of Oral Contract, and other claims which have been dismissed pursuant to the Court's Order on Plaintiffs' Motion for Summary Judgment.

After the parties' agreement was entered into in late March 2020, Plaintiffs claim they started construction of the stage prop but during the course of fabrication defendants failed to make agreed-upon installment payments intended to finance construction, so construction slowed and then ultimately stopped when payments ceased altogether. Defendants' breach of contract suit alleges that Defendants paid a total of approximately $788,000 which defendants claim constituted about 87% of the cost of the total manufacturing costs budgeted for, and defendants claim Plaintiffs breached their obligations to manufacture the stage prop as agreed and only performed 30% of the work paid.  Defendants further claim that the prop materials already built constitutes property of the Defendants (disputed by plaintiffs), although plaintiffs claim they incurred material and labor costs of greater than $240,000 more than defendants have paid plaintiffs (disputed by defendants).

## II.   BASIS OF FEDERAL JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states.

## III.   RELEVANT PLEADINGS

1. Plaintiffs' Amended Complaint.
2. Defendants' Answer and affirmative defenses to the Amended Complaint and Counterclaim for injunctive relief and damages.
3. Plaintiffs' Answer And Affirmative Defenses to defendants' Counterclaim.

## IV.   PENDING MOTIONS/MATTERS REQUIRING ACTION BY THE COURT

Defendants' Motions in Limine.

V. **STATEMENT OF FACTS NOT IN DISPUTE**

1. Plaintiffs are Miami, Florida affiliated movie and film production businesses renting, leasing and manufacturing and selling movie sets and stage props to clients within a highly specialized industry.

2. Defendant Kingdom of God Global Church ("KOGGC") claims to be a Christian-based global outreach movement committed to establishing God's Kingdom through the proclamation and demonstration of the Gospel.

3. In early 2020, the defendants engaged plaintiffs to perform the buildout by plaintiffs of a stage prop design to be used by the Defendants for a large-scale church ministry outreach event to be held in an arena in Orlando, Florida in mid-July of 2020 for an agreed price of approximately $1,250,000.

VI. **STATEMENT OF FACTS IN DISPUTE**

The central dispute revolves around the alleged breach of the parties' agreement, with Plaintiffs claiming defendants failed to make agreed installment payments intended to finance construction, and Defendants asserting inadequate performance by Plaintiffs despite substantial payment. The parties dispute the percentage of the work performed to date by Plaintiffs building the stage prop, on one hand, and on the other, the failure to make full payment by Defendants, as the Defendants allege payment of 87% of the total budgeted manufacturing costs while Plaintiffs allegedly completed only 30% of the work for which they were compensated (all disputed by plaintiffs).

VII. **STATEMENT OF UNDISPUTED ISSUES OF LAW**

There are no undisputed issues of law.

VIII. **STATEMENT OF DISPUTED ISSUES OF LAW**

There are no disputed issues of law.

IX. **TRIAL EXHIBITS**

See attached lists.

X. **TRIAL WITNESSES**

See attached lists.

XI. **ESTIMATED TRIAL TIME**

Approximately 4 days if jury trial, and approximately 2 days if non-jury.

XII. **ALLOWABLE ATTORNEY'S FEES**

Plaintiffs claim entitlement to attorney's fees as the prevailing party under Count IV of defendants' Counterclaim asserting a claim for Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA). See, Order On Motion For Summary Judgment [DE 136], although at this point this fee claim will be the subject of post-trial proceedings.

Respectfully submitted,

s/ *Michelle D. Cofino*
Reginald J. Clyne, Esq.
Florida Bar No.: 654302
Michelle D. Cofino, Esq.
Florida Bar No.: 27684
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

Counsel for Defendants/Counter-Plaintiffs
9300 South Dadeland Boulevard-4th Floor.
Miami, Florida 33156
Telephone:   (305) 670-1101
Facsimile:   (305) 670-1161
Email:  Reginald.Clyne@qpwblaw.com
Michelle.Cofino@qpwblaw.com
Cecilia.quevedo@qpwblaw.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on December 4, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the service list below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By: */s/ Michelle D. Cofino*
      Michelle D. Cofiño, Esq.