UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:22-cv-22594-B Bloom

MOVIE PROP RENTALS LLC, a Florida
limited liability company; and MIAMI
PROP RENTALS LLC, a Florida limited
liability company;

    Plaintiffs/Counter-Defendants,

vs.

THE KINGDOM OF GOD GLOBAL
CHURCH a foreign Missouri not for
Profit corporation and JOSHUA MEDIA
MINISTRIES INTERNATIONAL a foreign
Missouri not for profit corporation;

    Defendants/Counter-Plaintiffs.
_____/

**DEFENDANTS' EMERGENCY MOTION FOR PRESERVATION OF EVIDENCE AND INCORPORATED MEMORANDUM OF LAW**

Defendants/Counter Plaintiffs, THE KINGDOM OF GOD GLOBAL CHURCH and JOSHUA MEDIA MINISTRIES INTERNATIONAL, by and through undersigned counsel, hereby moves this Honorable Court on an emergency basis for entry of an order requiring Plaintiffs/Counter Defendants, MOVIE PROP RENTALS LLC and MIAMI PROP RENTALS LLC, to preserve evidence for the imminent trial in this matter and preventing Plaintiffs from proceeding with the sale of component parts of the partially completed stage prop, which are the subject of this action and constitute trial evidence. Plaintiffs have stated that they intend on selling or disposing of all or part of the stage prop materials upon which this action is based and upon which Defendants claim ownership over, *prior to the trial date on this matter set for January 22,*

1

*2024—less than 10 days away*. Therefore, pursuant to L.R. 7.1, a ruling on this Motion is required before the expiration of 7 days, and in support of this Motion, Defendants state as follows:

## GENERAL ALLEGATIONS

1. In early 2020, both parties entered into an agreement for the buildout by Plaintiffs of a stage prop design to be used by the Defendants for a large-scale church ministry outreach event to be held in an arena in Orlando, Florida in June of 2020.

2. The subject of this lawsuit is the alleged breach of a contract between the parties for the buildout of the stage prop design to be used by the Defendants for the large-scale church ministry outreach event.

3. Defendants/Counter Plaintiffs have a legitimate business interest in preserving the stage prop materials that Defendants/Counter Plaintiffs have already paid for, are owned by Defendants/Counter Plaintiffs, and are unique to the mission of Defendants/Counter Plaintiffs' global outreach ministry. Who can retain possession of those materials has not yet been decided by the Court, and will be decided at the upcoming trial scheduled for January 22, 2024.

4. Plaintiffs/Counter Defendants have threatened to sell or dispose of component parts of the stage prop, which is in imminent threat at this point in time at the eve of trial

5. Trial is specially set for a bench trial on January 22, 2024.

6. Defendants/Counter Plaintiffs would be greatly prejudiced and damaged should the stage prop materials be disposed of not only due to the $788,000.00 already invested but also because the stage prop is unique to their outreach ministry.

7. Defendants merely seek to assure the stage prop materials are preserved for trial, which is set to be held in 10 days.

8. Defendants/Counter Plaintiffs have suffered economic and reputational damages as a result of Plaintiffs/Counter Defendants' actions and omissions and will continue to suffer non-economic damages should the prop materials not be properly preserved.

9. The sale or disposal of the stage prop would also result in the loss of critical evidence needed to support the claims and defenses asserted in this lawsuit and to properly adjudicate the issues presented herein at trial.

10. In the absence of the immediate order enjoining Plaintiffs/Counter Defendants from disposing of the stage prop materials, there will be great harm caused to Defendants/Counter Plaintiffs in losing this unique prop set needed for their outreach ministry event. Considerable church raised funds have been invested into the manufacturing of the set and its disposal would cause Defendants/Counter Plaintiffs to lose the use of the materials already built.

11. Counter Plaintiffs will suffer immediate and devastating irreparable harm in loss of the inability to host the outreach event. Plaintiffs/Counter Defendants must be stopped before it is too late. There is no adequate remedy at law to compensate Defendants/Counter Plaintiffs for the harm that they will incur as a result of Plaintiffs/Counter Defendants imminent sale, destruction, or disposal of the stage prop materials, and Defendants/Counter Plaintiffs would suffer irreparable harm. The recovery of money damages would be insufficient to cure such damages.

## MEMORANDUM OF LAW

All federal courts, including those in Florida, uniformly recognize a trial court's authority to adjudicate motions for the preservation of evidence. *See, e.g.*, *Arkin v. Gracey-Danna, Inc.*, No. 8:16-CV-1717-T-35AAS, 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016) ("A federal court may issue preservation orders as part of its inherent authority to manage its own proceedings."); *Zaccone v. Ford Motor Co.*, No. 2:15-CV-287-FTM-38CM, 2016 WL 2744837,

3

at *1 (M.D. Fla. May 11, 2016) (issuing preservation order, noting that federal courts have implied/inherent authority to issue preservation orders); *Robinson v. Gielow*, No. 3:14CV223/LAC/EMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015) (same, but denying preservation order where danger of destruction not shown); *Disney Enters., Inc. v. Hotfile Corp.*, No. 11-20427-CIV-JORDAN/MCALILEY, 2011 WL 13100321, at *2 (S.D. Fla. Apr. 19, 2011) (same); *Angrignon v. KLI, Inc.*, No. 08-81218-CIV-COHN/SELTZER, 2009 WL 10666946, at *1 (S.D. Fla. Apr. 13, 2009) (same). State courts recognize this authority as well. See, e.g., *People v. Wartena*, 156 P.3d 469, 473 (Colo. 2007) ("Acting to avoid or mitigate a failure to preserve evidence, the court may order that evidence cannot be destroyed, or may permit the consumptive testing of evidence.").

Preservation orders, such as the one at issue, are a common and accepted exercise of judicial power that safeguard the integrity of the judicial process, whose central feature is evidence-based fact-finding. It is universally recognized that this power is necessary to preserve public trust in the judicial process, which would be undermined if potentially relevant evidence is destroyed without any judicial review. *See Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001)* (judicial power to prevent or sanction destruction of evidence based on "the need to preserve the integrity of the judicial process in order to retain confidence that the process works to uncover the truth").

In the present case, as stated above, both parties entered into an agreement for the buildout by Plaintiffs of a stage prop design to be used by the Defendants for a large-scale church ministry outreach event to be held in an arena in Orlando, Florida in June of 2020. The subject of this lawsuit is the alleged breach of a contract between the parties for the buildout of said stage prop.

Plaintiffs/Counter Defendants have threatened to sell or dispose of component parts of the stage prop, which is in imminent threat at this point in time. The sale or disposal of the stage prop would result in the loss of critical evidence needed to support the claims and defenses asserted in this lawsuit and to properly adjudicate the issues presented herein at trial.

Moreover, Defendants/Counter Plaintiffs have a legitimate business interest in preserving the stage prop materials that Defendants/Counter Plaintiffs have already paid for, are owned by Defendants/Counter Plaintiffs, and are unique to the mission of Defendants/Counter Plaintiffs' global outreach ministry. Who can retain possession of those materials has not yet been decided by the Court, and will be decided at the upcoming trial scheduled for January 22, 2024.

Plaintiffs have the ability to maintain and preserve the evidence for an additional ten days. Plaintiffs have failed to provide any reason as to why holding the materials until trial would prejudice them. Plaintiffs have already held the materials for over 3 years and now seek to dispose of some or all 10 days from trial.

An immediate order is needed to prevent Plaintiffs/Counter Defendants from disposing of the stage prop materials, which are vital evidence in this lawsuit. Without such an order, there could be irreparable harm to the judicial process, and Defendants/Counter Plaintiffs would suffer greatly from the loss of this one-of-a-kind prop set they require for their ministry outreach event.

The granting of this motion will thus further the truth-seeking process and contribute to the efficient administration of justice.

## CONCLUSION

Defendants/Counter Plaintiffs respectfully request that this Court immediately enter an Order temporarily enjoining and restraining Plaintiffs/Counter Defendants from taking any action to sell the Subject Property pending adjudication of this action.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an order granting this Motion to preserve evidence and granting such other and further relief as the Court deems just and p

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), undersigned counsel certified that both parties conferred, and Counsel for Plaintiffs/Counter Defendants objected to the relief requested.

## L.R. 7.1(d)(1) CERTIFICATE

After reviewing the facts and researching the applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven (7) days.  I understand that an unwarranted certification may lead to sanctions.

Respectfully submitted,

*s/ Michelle D. Cofino*
Reginald J. Clyne, Esq.
Florida Bar No.: 654302
Michelle D. Cofino, Esq.
Florida Bar No.: 27684
QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.
Counsel for Defendants/Counter-Plaintiffs
9300 South Dadeland Boulevard-4th Floor.
Miami, Florida 33156
Telephone:    (305) 670-1101
Facsimile:     (305) 670-1161
Email: Michelle.Cofino@qpwblaw.com
Cecilia.quevedo@qpwblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the service list below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Michelle D. Cofino*
Michelle D. Cofiño, Esq.