UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-22594-BLOOM/Torres

MOVIE PROP RENTALS LLC, *et al.*,

    Plaintiffs,

v.

THE KINGDOM OF GOD GLOBAL
CHURCH, *et al.*,

    Defendants.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendants The Kingdom of God Global Church and Joshua Media Ministries International's ("Defendants") Objection to Magistrate Judge's Report and Recommendation regarding Plaintiffs Movie Prop Rentals, LLC and Miami Prop Rental LLC's ("Plaintiffs") Motion for Attorney's Fees, ECF No. [225].[1] Plaintiffs filed a Response in Opposition to Defendants' Objection, ECF No. [226] ("Response"). The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, ECF No. [221] ("R&R"), the Objection and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Objection is overruled, and the Court adopts the Report and Recommendation in full.

The Court generally assumes the Parties' familiarity with this case and adopts the background recounted in the R&R. *See* ECF No. [221] at 2-4. Relevant here, this Court partially

---

[1] Defendants style their Objection as a Motion for Reconsideration. This is procedurally improper. As Judge Torres carefully explained in his R&R, the proper vehicle for challenging the findings in an R&R is by filing "written objections, if any, to the District Judge." ECF No. [221] at 17; *see* S.D. Fla. L. Mag. R. 4(b); Fed. R. Civ. P. 73.

granted Plaintiffs' motion for summary judgment on November 30, 2023. *See* ECF No. [136]. The Court concluded Plaintiffs were entitled to judgment on Count IV of Defendants' five-Count Counterclaim, which alleged Plaintiffs violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See id.* at 16-17. On January 29, 2024, Plaintiffs filed their Motion for Attorney's Fees and Costs, ECF No. [189], seeking $108, 477.50 in attorney's fees for prevailing against Defendants on their FDUTPA claim. ECF No. [221] at 3.

Chief Magistrate Judge Torres began his R&R by accurately observing Defendants' FDUTPA claim "triggers the Florida rule that a 'prevailing party is entitled to reasonable attorney's fees and costs in civil litigation arising from a violation of that act after judgment in the trial court and exhaustion of all appeals.'" *Id.* at 4 (quoting *Diamond Aircraft Industries Inc. v. Horowitch*, 107 So. 3d 362, 370 (Fla. 2013) (citing § 501.2105(1), Fla. Stat. (2011) (internal quotations omitted))). Judge Torres found Plaintiffs were entitled to attorney's fees under the FDUTPA as the prevailing party, a finding Defendants did not dispute. *Id.* at 5. The R&R then found William M. Tuttle, II's hourly rate of $425.00 was reasonable.[2] *Id.* at 8.

Judge Torres proceeded to conduct a thorough review of the time entries submitted by Plaintiffs, concluding "the time spent successfully litigating the FDUTPA counterclaim through summary judgment was reasonable." *Id.* at 11. Judge Torres noted Defendants "continuously argue" Plaintiffs' time entries are unreasonable because "the interrelated nature of the counterclaims serves as an unjustifiable basis" to request fees that are disproportional to the time actually spent litigating the FDUTPA claim. *Id.*

The R&R rejected this argument for two reasons. First, it correctly notes "it is now well established that, in the absence of an admission by the prevailing party that some of the legal

---

[2] Plaintiffs' counsel also charged a reduced rate of $270.00 for a single four-hour time entry labeled "11/8/22." *Id.*

services were unrelated to the FDUTPA claim, Florida law authorizes attorneys' fees to a prevailing party for *all* fees incurred in the case *unless* the non-FDUTPA claims were clearly unrelated to or clearly beyond the scope of a FDUTPA proceeding." *Id.* at 13 (emphasis in original) (citing *Diamond Aircraft*, 107 So. 3d at 370; *see also Chow v. Chak Yam Chau*, 640 F. App'x 834, 843 (11th Cir. 2015) (observing the FDUTPA permits recovering the attorney's fees "devoted to the entire action, not merely the FDUTPA claim[.]")). Judge Torres accordingly concluded Defendants "primary argument in opposition to the amount of fees requested here is flawed under Florida law." ECF No. [221] at 14.

Second, Judge Torres found there was no basis to find the time entries submitted by Plaintiffs were clearly unrelated to the FDUTPA claim. The R&R points out the interrelated nature of Defendants' claims made it "unreasonable and not feasible" for Plaintiffs to further distinguish between FDUTPA and non-FDUTPA time entries. *Id.* at 11. The R&R also notes Mr. Tuttle represents he manually deleted any unrelated time entries. *Id.* at 11-12. For their part, Defendants "fail[ed] to make any specific objections or cite to any particular time entries to support their argument, a fundamental failure on their behalf." *Id.* at 14 (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (additional citations omitted)). In the absence of any specific objections, Judge Torres relied on his "diligent review of the extensive—almost fifty page long—time and billing entries provided by Plaintiffs," concluding "the attorneys' fees requested by Plaintiffs should be awarded." *Id.* at 15. "Clearly non-recoverable time has already been excised from the request and the Court's review of the billing records for the time that is requested supports the conclusion that such time was necessary for the defense of the FDUTPA

claim." *Id.* The R&R therefore recommends the Court grant Plaintiffs' request for $108,477.50 in attorneys' fees.[3] *Id.* at 17.

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted)). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J. R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

Defendants re-raise the same arguments that were rejected by Judge Torres. Defendants contend the R&R errs in concluding "[t]he legal bills that Plaintiffs' counsel disclosed do not differentiate between the counterclaims that Plaintiffs defended against and are mostly all generalized time entries." ECF No. [225]. Defendants also argue Plaintiffs had notice it no longer

---

[3] Judge Torres recommended the Court deny Plaintiffs' request for $2,480.00 in costs. The R&R observes Plaintiffs raised this request for the first time in Reply, failed to support the reasonableness of this request, and failed to show it is recoverable under the FDUTPA. *See* ECF No. [221] at 16. Plaintiffs do not object to this conclusion. The Court agrees that Plaintiffs fail to demonstrate entitlement to $2,480.00 in costs and adopts this finding.

wished to pursue its FDUTPA claim before the Court granted summary judgment on Count IV, which demonstrates fees incurred after this point *could* not be related to the FDUTPA claim. Defendants assert Plaintiffs accordingly fail to show their time entries were reasonable, or that the FDUTPA claim was sufficiently related to the non-FDUTPA claims.

Defendants' arguments lack merit. First, Defendants argument that Plaintiffs fail to demonstrate the FDUTPA claim is sufficiently related to the remaining claims is flawed under Florida law. This argument ignores the Florida Supreme Court's explicit guidance that *Defendants* have the burden to "establish that the services related to non-FDUTPA claims were clearly beyond the scope of a 501 [FDUPTA] proceeding." *Diamond Aircraft*, 107 So. 3d at 370; *see Chow*, 640 F. App'x at 843. Defendants fail to do so here. As Plaintiff points out, all five of Defendants counterclaims are "based upon the same exact transaction … plaintiffs' manufacturing the specialized stage prop ordered by defendants." ECF No. [226] at 9. Moreover, the R&R accurately observes Mr. Tuttle made a reasonable effort to delete unrelated time entries. Second, Defendants again fail to point to *any* specific time entries that indicate Mr. Tuttle's time entries are clearly unrelated to the FDUTPA claim or otherwise unreasonable. Defendants have therefore failed to meet their burden under Florida law to show any such entries are clearly unrelated, *Diamond Aircraft*, 107 So. 3d at 370, as well as their obligation to object to specific time entries. *See* S.D. Fla. L.R. 7.3(a); *see also Gray*, 125 F.3d at 1389 (finding conclusory objections failed to provide a basis for denying recovery of attorney's fees).

Upon review of Mr. Tuttle's time entries, the Court agrees that clearly unrelated time entries have been excluded, and the time expended is reasonable. The Court accordingly adopts the R&R's finding that Plaintiffs are entitled to $108,477.50 in attorneys' fees.

Case No. 22-cv-22594-BLOOM/Torres

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [221]**, is **ADOPTED**;

2. Defendants' Objection, **ECF No. [225]**, is **OVERRULED**;

3. Plaintiffs' Motion for Attorney's Fees, **ECF No. [189]**, is **GRANTED IN PART and DENIED IN PART**. Plaintiffs are entitled to $108,477.50 in attorneys' fees.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 6, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record